Stefano PICCIOTTO, Judith Picciotto, Melita Picciotto, Athena Picciotto, through her father and next friend, Stefano Picciotto, Juan Nunez, and Foreign Car Centers, Inc., Plaintiffs,

v.

Jeffrey A. SCHREIBER, Schreiber and Associates, P.C., and Rich International, Inc., Defendants.

No. Civ. 00–11506–NG.

United States District Court, D. Massachusetts.

Jan. 31, 2001.

See also: 2000 WL 1473445.

Dana Casher, Krulewich, Casher, P.C., Boston, MA, for Plaintiffs.

Thomas J. Mango, Rubin & Rudman, LLP, Boston, MA, for Jeffrey A. Schreiber, and Schreiber & Associates, P.C., Defendants.

Jeffrey A. Schreiber, Schreiber & Associates, P.C., Danvers, MA, for Rich International, Inc., Defendant.

### MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS

GERTNER, District Judge.

Like the companion case, *Picciotto et al. v. Zabin et al.,* this action is not simply without merit; it is wholly frivolous and wastes the time and resources of all concerned.

Like several other cases presently or recently before this Court, this action pertains to an ongoing Massachusetts Superior Court lawsuit, *Albert Zabin et al. v. Picciotto et al.,* (Suffolk Superior Court No. 99–1594A) ("state interpleader action"). The state interpleader action, in turn, relates to an earlier bankruptcy proceeding in which the Picciottos were unsecured creditors. The defendants in this action were participants in the earlier bankruptcy proceeding: Jeffrey A. Schreiber ("Schreiber") served as counsel to the unsecured creditors committee; Rich International, Inc. ("Rich") was an unsecured creditor and a member of that committee.

The Picciottos are defendants in the state interpleader action, which was brought by various law firms seeking fees allegedly owed by the Picciottos. The Picciottos attempted to counterclaim against Schreiber and Rich, but the state Superior Court denied the motion to file a third party complaint. This ruling was upheld on interlocutory appeal to a single judge of the state appeals court. The Picciottos now bring almost identical claims before this Court. Further, although the state interpleader action is not set for trial until May 1, 2001, the Picciotto family ("the Picciottos" or "plaintiffs") has already (1) filed five interlocutory appeals to a state appeals court judge; (2) filed four petitions for extraordinary relief from the state appeals court; (3) filed three appeals to the full bench of the SJC; and (4) tried twice to remove the state case to federal court. To date, plaintiffs have not received one positive ruling.

Both defendants ask this Court to dismiss this action with prejudice, pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motions to dismiss [docket entries # 6 and # 8] are hereby **GRANTED**. The action is **DISMISSED WITH PREJUDICE**, with costs and fees to the defendants.

## I. DISCUSSION

### A. Standard on a Motion to Dismiss

In considering defendants' motion to dismiss, I must "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the plaintiffs]." *Kiely v. Raytheon Co.,* 105 F.3d 734, 735 (1st Cir.1997). I may only grant the motion and dismiss this action "if it is clear that no relief could be granted, under any theory, 'under any set of facts that could be proved consistent with the allegations.'" *Id.* (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). On the other hand, I need not credit "bald assertions, ... subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992) (internal quotations omitted). " '[E]mpirically unverifiable'

conclusions, not 'logically compelled, or at least supported, by the stated facts,' deserve no deference." *Id.* (citing *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989)).

### B. *Evaluation of Defendants' Motions to Dismiss*

Defendants ask this Court to dismiss all of plaintiffs' claims. I consider the claims in turn:

### 1. *Count I: Breach of Fiduciary Duty (Schreiber)*

 In this Count, the Picciottos claim that in serving as counsel to the unsecured creditors' committee, Schreiber breached his fiduciary duty to plaintiffs. This claim fails because (1) as attorney to the committee, Schreiber owed no duty to the Picciottos; (2) even if I were inclined to find that Schreiber *did* owe a duty to the Picciottos, the Superior Court has already held that he did not, and I am certainly not inclined to second-guess that decision; and finally, (3) the Picciottos' claims could (and should) have been raised in an appeal of the bankruptcy plan, which the Picciottos endorsed; as the Picciottos never filed such an appeal, this claim is *res judicata.* Accordingly, Count I is **DISMISSED WITH PREJUDICE.**

### 2. *Count II: Fraud (Schreiber)*

 In this Count, the Picciottos claim that Schreiber acted fraudulently in his dealings with the bankruptcy court. This claim, too, could (and should) have been raised on appeal from the bankruptcy plan. Further, the Picciottos do not plead fraud with sufficient particularity to withstand dismissal. Accordingly, Count II is **DISMISSED WITH PREJUDICE.**

### 3. *Count III: Interference with Civil Rights, 42 U.S.C. § 1983 (Schreiber)*

 In Count III, plaintiffs claim that Schreiber violated various Massachusetts Rules of Professional Conduct, and that these violations of conduct ultimately deprived the Picciottos of "rights secured by the Constitution" in violation of 42 U.S.C. § 1983. This claim, too, must fail, as Schreiber, in his capacity as counsel to the unsecured creditors committee, was not a state actor for purposes of 42 U.S.C. § 1983 liability.

### 4. *Counts IV and IX: Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985 (Schreiber and Rich)*

 In this Count, the Picciottos allege that Schreiber and Rich conspired to deprive the Picciottos of the equal protection of the laws in violation of 42 U.S.C. § 1985(3). The Picciottos' unsupported allegations, however, include no facts that even begin to prove either of the required elements of a "private conspiracy [claim] under ... § 1985(3)": (1) "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' actions,"; and (2) "that the conspiracy is aimed at interfering with rights that are protected against private, as well as official, encroachment." *Libertad v. Welch,* 53 F.3d 428, 446 (1st Cir. 1995). Accordingly, Counts IV and IX are **DISMISSED WITH PREJUDICE.**

### 5. *Count V: Negligence (Schreiber)*

 This tort claim also must be dismissed as Schreiber owed no duty to the plaintiffs (see discussion under Count I, above), and, regardless, the claim could and should have been raised in an appeal of the bankruptcy plan. Count V is therefore **DISMISSED WITH PREJUDICE.**

### 6. Count VI: Intentional Tort (Schreiber)

Again, this claim could and should have been raised on appeal of the bankruptcy plan; it is therefore *res judicata* and must be **DISMISSED**.

### 7. Count VIII:[1] Breach of Fiduciary Duty (Rich)

 Finally, Count VIII, which alleges breach of fiduciary duty by defendant Rich, must also be **DISMISSED**, as Rich, a member of the unsecured creditors committee, and himself an unsecured creditor, owed no fiduciary duty to the Picciottos.[2]

## II. CONCLUSION

 For the reasons stated above, defendants' motion to dismiss is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. Further, because plaintiffs' claims are frivolous and waste the time and resources of all involved, defendants are awarded costs and fees associated with defending this action. Defendants are to submit a proposed order to that effect by **February 15, 2001.**

**SO ORDERED.**

---

1. The plaintiff's complaint includes no Count VII.

2. Further, defendants point out that holding an unsecured creditor and member of an unsecured creditors committee personally liable for breach of a fiduciary duty to another unsecured creditor would violate public policy, as it would discourage creditors from serving on the committee and would interfere with the committee's activities.